vember 6, 1972, the date of the filing of this complaint, there were only 28 drums outstanding and not returned which would amount to $252 due and owing for drums on the date of the filing of the claim. It would appear from the audit that the supplying and return of drums is a continuing purpose and that it would be virtually impossible at any time to determine if the claimant had supplied drums that would never be returned. However, the inventory of the Kanakee State Hospital indicated that there were drums missing and that the number missing would not be greater than 81. However, this report of the inventory was a current figure as of October 2, 1973, and can not be relied upon by the claimant in their claim for nonreturned drums as of the date of filing the complaint in question.

In view of the fact that there are apparently drums missing which can not be returned and the number of drums missing which can not be returned as of the date of the filing of the complaint appears from the inventory to be 28, it is hereby ordered by this Court that the claimant be awarded the amount of $252 which is payment for 28 drums at $9 apiece.

It Is, Hereby Ordered that the sum of $252 (Two Hundred Fifty Two Dollars) be awarded claimant in full satisfaction of any and all claims presented to the State of Illinois under the above-captioned cause.

<hr />

(No. 7035—Claimant ▮▮▮▮▮▮▮▮

Burroughs Corporation, Claimant, *vs.* State of Illinois, Secretary of State, Respondent.

*Opinion filed December 17, 1973.*

Burroughs Corporation, Claimant, pro se.

185

WILLIAM J. SCOTT, Attorney General; WILLIAM E.
WEBBER, Assistant Attorney General, for Respondent.

PER CURIAM.

(No. 6826—Claim )

JAMES EICKMEYER, Claimant, *vs.* STATE OF ILLINOIS,
Respondent.

*Opinion filed March 22, 1973.*

Petition of Respondent for rehearing allowed, award order stayed, case
dismissed December 21, 1973 on Claimants motion.

JAMES EICKMEYER, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; WILLIAM E.
WEBBER, Assistant Attorney General, for Respondent.

BURKS, J.

Claimant, representing himself, presents this com-
paratively small claim for back pay in the amount of
$350 which he contends is owed to him by the Depart-
ment of Labor's Division of Unemployment Compensa-
tion.

Claimant avers that, during certain periods stated in
the stipulation below, he performed the duties of Office
Manager II at the Quincy Office of the above named
division, while being paid at the salary and in the title of
Unemployment Claims Deputy I.

There was a paucity of evidence presented by the
claimant and none offered by the respondent since it did